UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:                                         )
                                               )
LUIS G. ORTIZ and                              )
TANYA I. ORTIZ,                                )          Chapter 7
                                               )          Case No. 11-10803
                            Debtors            )
                                               )


MOTION OF THE UNITED STATES TRUSTEE
SEEKING CIVIL FINES, DISGORGEMENT OF FEES, INJUNCTIVE
RELIEF AND SUSPENSION OF CM/ECF PRIVILEGES

Pursuant to 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 329(b) and 526, Fed. R. Bankr. P. 2016

and 2017, and R.I. LBR 2016-2, 2017-1, and 5005-4, the United States Trustee hereby moves the

Court to Order Attorney John B. Ennis to pay an appropriate civil fine to the United States

Trustee, disgorge all fees collected in this case and return said fees to Luis and Tanya Ortiz

("Debtors"), enjoin future violation of 11 U.S.C. § 526 and for the suspension of CM/ECF

privileges for violation of the rules of this Court.  In support, the United States Trustee

respectfully represents the following:

FACTS

1.      The Debtors filed a voluntary petition *pro se* on March 3, 2011.

2.      Attorney Ennis entered his appearance for the Debtors on March 10, 2011.

3.      The Debtors paid Attorney Ennis $3,500 to represent them in this bankruptcy

case.

4.      Attorney Ennis failed to provide the Debtors with an executed written contract

that clearly and conspicuously explained the services Attorney Ennis was to provide to them, the

fees or charges for such services, and the terms of payment for such services as required by 11

U.S.C. §528.

5.    Attorney Ennis failed to provide Debtors with a clear and conspicuous written notice as required by 11 U.S.C. §§ 342(b)(1) and 527(a).

6.    Attorney Ennis failed to provide the Debtors with a separate document, containing a notice as required by 11 U.S.C §527(b).

7.    Debtors during their initial consultation with Attorney Ennis advised him that they had claims arising out of a car accident on May 13, 2010 ("Personal Injury Claims").

8.    Attorney Ennis failed to adequately advise the Debtors about their obligation to disclose the Personal Injury Claims, in their Bankruptcy Schedules and Statement of Financial Affairs.

9.    Attorney Ennis prepared the Debtors' Bankruptcy Schedules and Statement of Financial Affairs filed at Dkt# 26 which failed to include the Personal Injury Claims.

10.    On April 15, 2012, the Debtors testified to the existence of the Personal Injury Claims in response to questions by the Chapter 13 Trustee at the meeting of creditors held on April 15, 2011.

11.    John Boyajian, the Chapter 13 Trustee, on April 15, 2011, specifically instructed Attorney Ennis to file amended Schedules disclosing the Personal Injury Claims.

12.    Attorney Ennis failed to prepare and file amended Schedules disclosing the Personal Injury Claims.

13.    Attorney Ennis prepared and filed using the Court's cm / ecf system the following documents with the Debtors' purported electronic signatures which the Debtors did not sign and for which Attorney Ennis does not have an original signature in his file.

    A.    Chapter 13 Agreement – Form V, Dkt.#18.

2

      B.      Declaration under perjury Dkt. #26, page 16.

      C.      Declaration under perjury Dkt. #26, page 24.

      D.      Certification of Notice to Consumer Debtors, Dkt. #26, pages 28.

      E.      Verification of Creditor Matrix, Dkt. #26, Page 29.

      F.      Chapter 13 Statement of Current Monthly Income, Dkt. #27.

      G.      Chapter 7 Statement of Current Monthly Income, Dkt.# 115.

      H.      Schedule of Post-Petition Debts, Dkt.# 125.

14.     This case was converted to chapter 7 on July 12, 2012.

15.     A first meeting of creditors was held in the chapter 7 case on August 14, 2012.

The Chapter 7 Trustee learned of the existence of the Personal Injuries Claims through questioning of the Debtors as no amended schedules disclosing the existence of the claims was prepared or filed by Attorney Ennis.

<u>ARGUMENT</u>

     *a.*     <u>*Disgorgement*</u>

16.     With regard to pre-petition legal fees, Section 329(b) of the Bankruptcy code provides that:

> If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to-
>
> (1)  the estate, if the property transferred-
>
> (A) would have been property of the estate; or
>
> (B) was to be paid by or on behalf of the debtor under a plan under
>
>      chapter 11, 12, or 13 of this title; or
>
> (2)  the entity that made such payment.

3

17.    Rule 2017 implements Section 329.  In part, 2017(a) provides:

On motion, by the debtor, the United States Trustee, or on the courts own initiative, the court after notice and a hearing, may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the code by or against the debtor or before the entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.

18.    Section 329 and Rule 2017 provide the basis by which the Court may examine the reasonableness of compensation paid to an attorney and disgorge so much of it which exceeds a reasonable amount.  *See, In re Diamond Mortgage Corp. of Illinois*, 135 B.R. 78 (Bankr N.D. Ill 1990); *In re Wittman Eng'g & Mfg. Co., Inc*., 66 B.R. 488 (Bankr. N.D. Ill. 1986); In re Red *Carpet Corp., v. Miller*, 708 F.2d 1576 (11th Cir. 1983); *In re St. Pierre*, 4 B.R. 184 (Bankr. RI 1980).  *See also*, 3 Colliers ¶329.04[1] at 329-16 (15th ed. rev. 2001).

19.    The compensation to Attorney Ennis exceeds the reasonable value of such services. The Debtors did not receive the value of services for which they paid. Attorney Ennis provided inaccurate advice regarding the preparation of the Debtor's Schedules and Statement of Financial Affairs.

*b. Violations of Section 526*

20.    The Debtors in this case are assisted persons pursuant to 11 U.S.C. § 101(3).

21.    Attorney Ennis provided "bankruptcy assistance" pursuant to 11 U.S.C. § 101(4)(A).

22.    Attorney Ennis is a debt relief agency as that term is defined under 11 U.S.C. § 101(12)(A).

4

23.     Pursuant to 11 U.S.C. § 526(c)(1):

(c)(1) Any contract for bankruptcy assistance between a debt relief

agency and an assisted person that does not comply with the material

requirements of this section, section 527, or section 528 shall be void

and may not be enforced by any Federal or State court or by any other

person, other than such assisted person.

24.     The agreement entered into between the Attorney Ennis and the Debtors for

bankruptcy assistance did not comply with the material requirements of Sections 526, 527, or

528 of the Bankruptcy Code.

25.     Pursuant to 11 U.S.C. § 526(c)(5):

(5) Notwithstanding any other provision of Federal law and in addition
to any other remedy provided under Federal or State law, if the court,
on its own motion or on the motion of the United States trustee or the
debtor, finds that a person intentionally violated this section, or engaged
in a clear and consistent pattern or practice of violating this section, the
court may—
(A) enjoin the violation of such section; or
(B) impose an appropriate civil penalty against such person.


26.     Pursuant to 11 U.S.C. § 526(a)(3)(A):

 (a) A debt relief agency shall not—
***
(3) misrepresent to any assisted person or prospective assisted
person, directly or indirectly, affirmatively or by material omission, with
respect to—
(A) the services that such agency will provide to such person

5

27.     By failing to comply with the disclosure requirements of 11 U.S.C. §§ 527 and
528, Attorney Ennis has, on numerous occasions and by means of omission, intentionally
misrepresented to the Debtors, the nature of the services that he would provide to them.

28.     Attorney Ennis as set forth in the preceding paragraphs of this Motion has
engaged in a clear and consistent pattern or practice of violating 11 U.S.C. § 526 and this Court
is authorized to enjoin such violation or impose an appropriate civil penalty.


*c. Violations of Local Rule 5005-4 and suspension of cm / ecf  privileges*

29.     Local Rule 5005-4 (j) of this Court requires a registered user to maintain the
original signatures for two years after the case is closed for documents filed that bear "electronic
signatures" using the designation "/s/."

30.     As detailed above, Attorney Ennis prepared and filed several documents bearing
the Debtors purported electronic signature that the Debtors had not seen or signed.

31.     Pursuant to Local Rule 5005-4(b)(C)(iv) this Court has authority to revoke an
electronic filers password and therefore his ability to electronically file documents:

> (iv) Revocation. The Court may revoke an Electronic Filer's password
> and, therefore, his or her authority and ability to electronically file documents
> for: (1) failure to comply with any provision of the agreement contained in the
> Electronic Filer's Registration Form; (2) failure to adequately protect his or her
> password; (3) failure to comply with the provisions of these Local Rules; (4)
> failure to pay fees required for documents filed electronically; (5) other misuse
> of the System; or (6) as a sanction ordered by the Court after notice and
> opportunity for hearing.

6

32.     Attorney Ennis' conduct in this case warrants the suspension of his cm/ecf password and filing privileges based upon his violation of the Local Rules and as a sanction.

WHEREFORE, the United States Trustee prays that the Court i) Order the payment of an appropriate civil fine to the United States Trustee; ii) Order Attorney Ennis to disgorge $3,500 to the Debtors and to file an affidavit with this Court within seven days of the granting of this motion attesting to the return of all fees to the Debtors; iii) Order that Attorney Ennis be enjoined from future violation of 11 U.S.C. § 526; iv) Ordering the suspension of Attorney Ennis' cm/ecf filing privileges and v) such other and further relief as it deems meet and just.

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee

Dated: January 16, 2013          By:      /s/ Gary L. Donahue
                                          Gary L. Donahue
                                          Assistant U.S. Trustee
                                          U.S. Department of Justice
                                          10 Dorrance Street, Suite 910
                                          Providence, RI  02903
                                          Tel:(401) 528-5551
                                          Fax:(401) 528-5163

WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(F) IF SERVED BY MAIL, ANY PARTY AGAINST WHOM SUCH PAPER HAS BEEN SERVED, OR ANY OTHER PARTY WHO OBJECTS TO THE RELIEF SOUGHT, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO SAID PAPER WITH THE BANKRUPTCY COURT CLERK'S OFFICE, 380 WESTMINSTER STREET, 6TH FLOOR, PROVIDENCE, RI 02903, (401) 626-3100. IF NO OBJECTION OR OTHER RESPONSE IS TIMELY FILED, THE PAPER WILL BE DEEMED UNOPPOSED AND WILL BE GRANTED UNLESS: (1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

CERTIFICATE OF SERVICE

     The undersigned certifies that on January 16, 2013, true and correct copies of the foregoing Motion were served via the U.S. Bankruptcy Court's CM/ECF filing system or by United States mail, First Class postage pre-paid to those persons not appearing on the Court's receipt of electronic filing.

John B. Ennis    jbelaw@aol.com, jbennisattorney@aol.com
Lisa A. Geremia    lisa@geremiademarco.com, RI03@ecfcbis.com
Jeffrey J. Hardiman    jhardiman@shslawfirm.com, bkdept@shslawfirm.com
Nicole M. Labonte    bkecf@bmpc-law.com
Christopher Lefebvre    court@lefebvrelaw.com
LaKisha D Stark    lstark@nbsdefaultservices.com

                /s/ Gary L. Donahue